UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FELIPE VICINI LLUBERES, *et ano.*, | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | | |
| v. | | Misc. Case No. 08-0384 (RMC) |
| UNITED STATES DEPARTMENT OF STATE, | | |
| Respondent. | | |

**REPLY REGARDING RESPONDENT'S NOTICE OF SUGGESTION OF MOOTNESS**

Respondent United States Department of State ("State Department," "Respondent," or "Agency"), by and through its undersigned counsel, respectfully submits this Reply regarding its Notice of Suggestion of Mootness, filed August 13, 2008 ("Notice"). Plaintiffs' Response to Respondent's Notice is misleading and factually inaccurate.

When Respondent filed its Notice, which was filed two days after the deadline for discovery in the underlying civil action had passed, Plaintiffs had not filed any motion with the U.S. District Court for the District of Massachusetts ("Trial Court") even discussing a possible extension of the discovery period for the depositions it seeks to improperly compel through this matter. That is, Plaintiffs did not timely move to extend the discovery deadline in the underlying action before the discovery period in that action lapsed. Indeed, the deadline for discovery in the underlying action has not been modified by the Trial Court to date -- *i.e.*, August 11, 2008, remains the discovery deadline in the underlying action.

Moreover, Plaintiffs have still not directly sought an extension of discovery period in the underlying action. Contrary to Plaintiffs' misleading assertion, they have not *moved* the Trial Court for an extension. Rather, *in a footnote to an unrelated Motion to Compel* -- which was

filed nine days after discovery deadline in the underlying action closed and seven days after Respondent filed its Notice with the Court -- Plaintiffs reassert their strenuous opposition to Defendants' request to extend the discovery period; and then, belatedly, argue in the alternative that should the Trial Court permit Defendants to extend the discovery deadline for limited purposes, that Plaintiffs also be allowed leave to depose State Department officials should this Court permit such discovery. *See* Motion to Compel, attached hereto. Notably, Plaintiffs' Proposed Order accompanying their unrelated Motion to Compel does not include any provision regarding an extension of the discovery period to depose State Department officials. *See* Prop. Order, attached hereto.

Dated: August 25, 2008
      Washington, DC

                              Respectfully submitted,

                              JEFFREY A. TAYLOR, D.C. BAR #498610
                              United States Attorney

                              /s/
                              RUDOLPH CONTRERAS, D.C. BAR #434122
                              Assistant United States Attorney

                              /s/
                              BRIAN P. HUDAK
                              Assistant United States Attorney
                              555 4th Street, NW
                              Washington, DC 20530
                              (202) 514-7143

                              *Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**FELIPE VICINI LLUBERES and**
**JUAN VICINI LLUBERES**

          **Plaintiffs,**

    v.

**UNCOMMON PRODUCTIONS, LLC**
**and WILLIAM M. HANEY, III,**

          **Defendants.**

**CASE NO. 07 CA 11623 DPW**

**PLAINTIFFS' MOTION TO COMPEL UNCOMMON PRODUCTIONS TO PRODUCE KNOWLEDGEABLE 30(b)(6) WITNESS AND TO CONTINUE THE HANEY AND GRUNEBAUM DEPOSITIONS, AND MOTION FOR LEAVE TO CONTINUE THESE DEPOSITIONS OUT OF TIME**

      Plaintiffs Felipe Vicini Lluberes and Juan Vicini Lluberes respectfully move this Honorable Court pursuant to Fed. R. Civ. P. 37(a) and Local Rule 37.1 for an Order compelling Defendant Uncommon Productions, LLC to make available one or more knowledgeable witnesses to testify on topics 1-8, 10-18, 20, 25 and 26 as identified in the July 30, 2008, Rule 30(b)(6) deposition notice served upon Uncommon Productions.  The Vicinis further move this Honorable Court for an Order compelling Defendant William M. Haney, III, and Uncommon Productions principal Eric Grunebaum, to appear for the completion of their respective fact depositions.  To the extent that Uncommon Productions designates Mr. Grunebaum as a Rule 30(b)(6) designee, the Vicinis would withdraw their motion to continue Mr. Grunebaum's deposition as a fact witness.[1]

      Finally, out of an abundance of caution, the Vicinis seek leave to complete the aforementioned depositions of Uncommon Productions and Messrs. Grunebaum and Haney out of

---

[1] The Memorandum in support of this Motion and its accompanying exhibits are the subject of a Motion to Impound filed contemporaneously with this Motion, and are being filed under seal with the Clerk's office.

time as the extended discovery period closed on August 11, 2008.²

## Local Rule 37.1 Certification

Counsel for the Vicinis hereby certifies that on August 14, 2008, they sent a request to Defendants' counsel by e-mail seeking dates upon which Mr. Haney, Mr. Grunebaum, and a Rule 30(b)(6) designee would be available to complete their respective depositions, and that should Uncommon Productions designate Mr. Grunebaum as a Rule 30(b)(6) designee, the Vicinis would not seek to continue his deposition as a fact witness. The next day, counsel for the parties conferred by telephone during which they discussed these issues. The parties were unable to come to any resolution.

> Respectfully submitted,
>
>      /s/ Benjamin G. Chew
> Read K. McCaffrey (admitted *pro hac vice*)
> Stephen Diaz Gavin (admitted *pro hac vice*)
> Benjamin G. Chew (admitted *pro hac vice*)
> Nigel L. Wilkinson (admitted *pro hac vice*)
> PATTON BOGGS LLP
> 2550 M Street, N.W.
> Washington, DC  20037
> Telephone:  (202) 457-6015
> Facsimile:  (202) 457-6315
> e-mail:  bchew@pattonboggs.com

---

[2] The Vicinis are aware that Defendants filed numerous motions to take additional discovery out of time in the days prior to the discovery cut off of August 11, 2008, which the Court had extended for the limited purposes previously requested by Defendants' counsel. *See* Docket No. 82 (motion for leave to take discovery out of time); Docket No. 90 (First notice in support of motion for leave to take discovery out of time); Docket No. 91 (Second notice in support of motion for leave to take additional discovery, enclosing motion to compel documents and deposition testimony from Patton Boggs attorney Joseph Brand). The Vicinis have opposed the Defendants' various motions for leave to take limited discovery out of time because Defendants could have, and indeed should have, taken this discovery in the many months before the original June 28, 2008, deadline and the extended August 11, 2008, deadline. Indeed, these motions, having been sprung just prior to the discovery cut off, ring hollow as a back-door tactic designed to unnecessarily prolong the discovery period and prevent this litigation from proceeding in a timely manner. Nonetheless, should the Court grant Defendants leave to take some or all of the requested additional discovery, the Vicinis respectfully request, in the interest of fairness, that the Court also grant them leave to take the depositions of the U.S. Department of State employees subpoenaed by the Vicinis should the Vicinis prevail on their motion to compel that testimony, which is currently pending before the United States District Court for the District of Columbia. *See* Plaintiffs' Motion to Compel Deposition Testimony Pursuant to Subpoenas, Docket No. 1, Case No. 08-mc-00384-RJL (D.D.C. filed June 17, 2008).

|  | Jessica Block |
|---|---|
|  | BLOCK & ROOS LLP |
|  | 60 State Street |
|  | Suite 3800 |
|  | Boston, MA  02109 |
|  | 617-223-1900 |
|  | Fax: 617-227-1948 |
| Dated:  August 20, 2008 | Email: block@blockroos.com |
|  | |
|  | *Counsel for Plaintiffs* |
|  | *Felipe Vicini Lluberes and Juan Vicini Lluberes* |

### CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August, 2008, the foregoing Motion to Compel and Proposed Order was filed with the Court via its CM/ECF system, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).  I further certify that on this date, a copy of the memorandum in support of the Motion to Compel, the Declaration of Benjamin G. Chew and all exhibits thereto (which are the subject of a contemporaneously filed motion to impound) was served via first class mail, postage prepaid upon the following:

> Elizabeth C. Koch (admitted *pro hac vice*)
> LEVINE SULLIVAN KOCH & SCHULZ, LLP
> 1050 Seventeenth Street, N.W.
> Washington, DC  20036
> Telephone:  (202) 508-1100
> Facsimile:  (202) 861-9888
> E-mail:  bkoch@lskslaw.com
> Counsel for Defendants
> Uncommon Productions, LLC
> and William M. Haney, III

>  /s/ Benjamin G. Chew
> Benjamin G. Chew (admitted *pro hac vice*)

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FELIPE VICINI LLUBERES, *et al.* | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 07-11623 (DPW) |
| | ) |
| UNCOMMON PRODUCTIONS, LLC, *et al.* | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Upon consideration of Plaintiffs' MOTION TO COMPEL UNCOMMON PRODUCTIONS TO PRODUCE KNOWLEDGEABLE 30(b)(6) WITNESS AND TO CONTINUE THE HANEY AND GRUNEBAUM DEPOSITIONS, AND MOTION FOR LEAVE TO CONTINUE THESE DEPOSITIONS OUT OF TIME ("Plaintiffs' Motion"), it is hereby

**ORDERED** that the Plaintiffs' Motion is **GRANTED**; it is further

**ORDERED** that Uncommon Productions shall produce one or more individuals at a mutually agreeable date and time no later than ten (10) days after the entry of this Order to testify as to topics 1-8, 10-18, 20, 25 and 26 as identified in the July 30, 2008, Rule 30(b)(6) deposition notice served upon Uncommon Productions; and it is further

**ORDERED** that Defendant William M. Haney's deposition is continued for not more than six hours, to be completed at a mutually agreeable date and time no later than ten (10) days after the entry of this Order; and it is further

2

**ORDERED** that Eric D. Grunebaum's deposition is continued for not more than six hours, to be completed at a mutually agreeable date and time no later than ten (10) days after the entry of this Order; and it is further

**ORDERED** that should Uncommon Productions designate Mr. Grunebaum as a Rule 30(b)(6) witness, then Plaintiffs shall not continue his deposition as a fact witness.

It is **SO ORDERED** this ____ day of _____, 2008.

_____
THE HONORABLE DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

2